IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES M. CLIFFORD, | ) | CASE NO. 3:13 CV 2751 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| KEVIN JONES, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] in the matter of Charles M. Clifford's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is respondent Warden Kevin Jones's motion to dismiss the petition as time-barred.[2] Clifford has responded to the Warden's motion by arguing that because his petition contends that his sentence is void *ab initio*, and such an argument can be raised at any time, the Warden has no basis for a motion to dismiss for untimeliness.[3] Clifford further maintains that an evidentiary hearing is needed to show that his sentence is contrary to state and federal law.[4]

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge John R. Adams in a non-document order entered March 14, 2014.

[2] ECF # 11.

[3] ECF # 13 at 2.

[4] *Id.*

For the reasons that follow, I will recommend that Clifford's petition be dismissed as untimely and that any request for an evidentiary hearing be denied as moot.

## Facts

The facts relevant to adjudicating the motion to dismiss are simply stated and expressly accepted by Clifford.[5]

In 2004, Clifford was indicted on charges of felonious assault, rape, and sexual battery.[6] After a separate trial on the felonious assault charge,[7] Clifford was eventually found guilty of all charges and sentenced to a total term of 20 years in prison.[8] His direct appeals from each trial,[9] which ran from 2004 through 2006, resulted in affirmations of his convictions, but also in remands for re-sentencing.[10] To that end, the trial court conducted a re-sentencing hearing on October 20, 2006, at which Clifford was re-sentenced on all convictions to a total term of 23 years in prison.[11]

_____

[5] *Id.*

[6] ECF # 11, Attachment at 1-2.

[7] *Id.*, at 9-10.

[8] *Id.*, at 19.

[9] *Id.*, at 21 (felonious assault appeal), 185 (rape and sexual battery appeal).

[10] *Id.*, at 184 (felonious assault), 244 (rape and sexual battery).

[11] *Id.*, at 245-49.

Clifford did nothing after the re-sentencing for over two years, until on November 20, 2008, when, *pro se*, he filed a motion with the Ohio appeals court seeking leave to file a delayed appeal from the October, 2006, re-sentencing.[12] On December 12, 2008, the appellate court overruled the motion as not setting forth any reason to justify Clifford's failure to timely appeal from the re-sentencing.[13] Clifford did not seek leave to appeal this decision to the Ohio Supreme Court.

Once again, Clifford did nothing in his case for a period of years following his failure to obtain a delayed appeal. As detailed by the Warden, Clifford's next filing was a July, 2011, post-conviction motion with the trial court.[14] That motion was denied,[15] and Clifford's appeal from that decision was dismissed for want of jurisdiction because it was filed well beyond the time limit.[16]

In addition to his appeal from the trial court's decision to deny his post-conviction petition, Clifford filed "objections" to that decision in the trial court.[17] The trial court denied any relief, ordering explicitly that Clifford "shall not again come before this Court."[18]

---

[12] *Id.*, at 250.

[13] *Id.*, at 254.

[14] *Id.*, at 256.

[15] *Id.*, at 260.

[16] *Id.*, at 265.

[17] *Id.*, at 266.

[18] *Id.*, at 270.

Nevertheless, Clifford did file a motion for relief from judgment with the trial court barely a month after the court had ordered him not to file anything further.[19] The trial court denied that motion the next day.[20] Clifford's appeal of this decision to the Ohio appeals court was dismissed as untimely.[21] His motion for leave to appeal to the Supreme Court of Ohio was denied and his appeal dismissed on September 4, 2013.[22]

Clifford filed the present motion for habeas relief with this Court on December 13, 2013.[23]

## Analysis

### A.  Standard of review - AEDPA time limitation

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[24] a person in custody under a judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

---

[19] *Id.*, at 271.

[20] *Id.*, at 281.

[21] *Id.*, at 283.

[22] *Id.*, at 301.

[23] This is the date the petition was received and filed in this Court. Clifford did not complete that portion of his petition where he indicates when the petition was put into the prison mail system for filing. *See*, ECF # 1 at 16.

[24] Pub. L. No. 104-132, 110 Stat. 1214.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

© the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[25]

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for state postconviction relief or other collateral review. A state application for postconviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing.[26] State postconviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2).[27]

---

[25] 28 U.S.C. § 2244(d)(1).

[26] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

[27] *See*, *Allen v. Siebert*, 552 U.S. 3, 5-6 (2007) (per curiam); *see also*, *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003).

"The tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run."[28] Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.[29]

Moreover, the AEDPA's statute of limitations is subject to equitable tolling,[30] "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control."[31] Equitable tolling is granted "sparingly."[32] A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing."[33] Although the Sixth Circuit previously used a five-factor approach in determining

---

[28] *Vroman*, 346 F.3d at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

[29] *Id.*

[30] *See*, *Holland v. Florida*, 560 U.S. 631, 646 (2010).

[31] *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), cert. denied, 133 S. Ct. 187 (2012).

[32] *Id.* (quoting *Robertson*, 624 F.3d at 784).

[33] *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also*, *Pace*, 544 U.S. at 418.

whether a habeas petitioner is entitled to equitable tolling, *Holland v. Florida's* two-part test has replaced the five-factor inquiry as the "governing framework" to apply.[34]

**B.    Clifford's petition should be found to be untimely and the Warden's motion to dismiss be granted.**

In this case, as noted above, Clifford's conviction became final on October 31, 2006, when he was re-sentenced after the remands. He then had until November 30, 2006, to perfect an appeal of that decision to the Ohio appeals court, but he did not do so. Thus, the one-year federal time limitations period began running for Clifford on December 1, 2006, meaning that, absent tolling, any petition was due in this Court by December 1, 2007.

As the Warden points out, and as is set forth above, once the limitation period has expired, filings in state collateral review proceedings cannot serve to restart the clock, or provide a fresh limitations period. Thus, Clifford's next filing in the Ohio court – his November, 2008, motion to file a delayed appeal – had no effect on the limitations period here because it was already expired. Obviously, and for the same reasons, all subsequent filings by Clifford after 2008 were also without effect on the already lapsed limitations period.

I note further that Clifford has not attempted to provide any basis for equitable tolling in this case. Indeed, the well-documented gaps between filings in this record – sometimes for periods of over two years – makes it difficult to imagine how Clifford could establish that

---

[34] *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 n.1 (6th Cir. 2011), cert. denied, 132 S. Ct. 456 (2011)).

he was diligently pursuing his rights but that he was nevertheless thwarted by extraordinary circumstances beyond his control. Similarly, Clifford has not advanced any basis for finding him actually innocent – a conclusion that is strengthened by Clifford's two claims for relief that both exclusively focus on alleged defects in sentencing.[35]

## Conclusion

Accordingly, for the reasons stated, I recommend that Clifford's petition for habeas relief be found to be untimely, and so further recommend that the Warden's motion to dismiss be granted. Moreover, to the extent that Clifford's statement in his traverse is understood as a motion for an evidentiary hearing, I also recommend that such a motion be denied as moot.

Dated: April 23, 2015                    s/ William H. Baughman, Jr.
                                         United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[36]

---

[35] *See*, ECF # 1 at 6 ("Ground One – sentence is contrary to law"), 8 ("Ground two – The trial court erred in re-sentencing the defendant by increasing the sentences with no additional evidence or reasons").

[36] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-8-