UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES M. CLIFFORD, | ) | **CASE NO**.: 3:13 CV 2751 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN ADAMS |
| | ) | |
| KEVIN JONES, Warden, | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |

This action is before the Court upon objections filed by Petitioner, Charles M. Clifford, asserting error in the Magistrate Judge's Report and Recommendation ("the R&R"). (Doc. #10.) The Court ADOPTS the R&R in its entirety. The Petition is DENIED AND DISMISSED.

I.  FACTUAL AND PROCEDURAL HISTORY

The Report adequately states the factual background and procedural history of this matter. Petitioner states he has no objections to, and has identified no error in, the Magistrate's Synopsis of the Facts; Procedural History; or standard of review. The Court will accept the factual and procedural history reflected in the Report as written, but will nevertheless summarize some of the pertinent facts here. In February 2004 Petitioner was charged by the Paulding County Grand Jury with two counts of rape, both first degree felonies in violation of O.R.C. § 2907.02(A)(1)(b); one count of felonious assault, a second degree felony violation of O.R.C. §

2903.11(A)(1); and one count of sexual battery, a third degree felony violation of O.R.C. § 2907.03(A)(5). (Return of Writ, Doc. # 11, Exhibit 1.) Petitioner sought and received severance of the felonious assault charges from the rape and sexual battery charges. Petitioner was convicted by juries of all charges in two separate trials. Petitioner was then sentenced to seven years for the felonious assault; nine years for the rape; and four years for the sexual battery. Petitioner filed timely, separate, appeals from each of his convictions. Both appeals resulted in remand for re-sentencing under the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856 (Ohio 2006).

In October 2006, on remand from the Ohio Supreme Court, Petitioner received new sentences of eight years for felonious assault; ten years for rape; and five years for sexual battery; all sentences to be served consecutively, for an aggregate sentence of twenty-three years. (Return of Writ, Doc. # 11, Exhibit 21.) Two years later, in November 2008, Petitioner field a motion for leave to appeal his new, 2006, sentence. The Ohio Third District Court of Appeals denied the motion and dismissed the untimely appeal. (Return of Writ, Doc. # 11, Exhibit 24.)

Approximately three years later, in July 2011, Petitioner filed a *pro se* post-conviction motion seeking review of his 2006 re-sentencing hearing. (Return of Writ, Doc. # 11, Exhibit 25.) In 2012 the trial court denied the motion; Petitioner appealed the denial; the Ohio Third District Court of Appeals denied the appeal *sua sponte* for lack of jurisdiction. (Return of Writ, Doc. # 11, Exhibit 27 & 28.) In September 2012, while his appeal was pending, Petitioner filed objections to the trial court's dismissal of his motion and requested to be re-re-sentenced. The trial court issued an order denying the request and directed in that order that Petitioner "shall not again come before this Court." ((Return of Writ, Doc. # 11, Exhibit 30.) Petitioner then filed a motion for relief from judgment under Ohio Civ. R. 60(b); which was denied by the trial court;

2

Petitioner appealed the denial to the Ohio Third District; the appellate court denied his motion and dismissed the appeal in March 2013. Petitioner sought review of the decision dismissing his motion for a second re-sentencing in the Ohio Supreme Court; the Ohio Supreme Court declined to accept jurisdiction. ((Return of Writ, Doc. # 11, Exhibit 38.)

Petitioner now seeks federal review of his 2006 re-sentencing. Petitioner contends that his sentence is contrary to law and that the trial court erred in sentencing him to additional time without making new findings or stating new reasons. The Magistrate conducted a thorough review of the record and found that Petitioner's Petition to this Court for federal relief is untimely. Petitioner objects to the Magistrate's recommendation.

## II.     STANDARD OF REVIEW

Motions made pursuant to 28 U.S.C. § 2254 are governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA prescribes a narrow *habeas corpus* remedy only where a State court adjudication has resulted in (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). AEDPA further limits "clearly established Federal law" to those principles "determined by the Supreme Court of the United States." 28 U.S.C. § 2254 (d)(1). For the purposes of *habeas* review after AEDPA, "clearly established Federal law" refers to the express holdings of the United States Supreme Court "as opposed to the dicta" of that Court's decisions "of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 365, 120 S.Ct. 1495 (2000).

When evaluating a § 2254 petition this Court notes that AEDPA and decisional law applying its restrictions have clearly stated that a district court may not "apply its own views of

what the law should be" but must issue a writ only where "clearly established federal law" has been applied *unreasonably,* not merely erroneously or incorrectly. *Bailey v. Mitchell*, 271 F.3d 652, 656 (emphasis added). The Supreme Court reiterates:

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254 (d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the United States Supreme Court's] precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Harrington v. Richter*, 562 U.S. 86, 102, 131 S.Ct. 770 (2011) (Citations omitted). The Sixth Circuit explains:

> A state court decision is 'contrary to' clearly established Federal law 'if the state court arrives at a conclusion opposite to that reached by [U.S. Supreme Court] on a question of law,' or 'if the state court confronts facts that are materially indistinguishable from a relevant [U.S.] Supreme Court precedent' and arrives at a different result. A state court decision is an 'unreasonable application of' clearly established Federal law 'if the state court correctly identifies the correct governing legal rule from [U.S. Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case. An 'unreasonable application' can also occur where 'the state court either unreasonably extends a legal principle from [the U.S. Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005), internal citations, to *Williams v. Taylor*, 529 U.S. 405–407, omitted. A petition for relief under 28 U.S.C. § 2254 is subject to the statute of limitations set forth in 28 U.S.C. § 2244 (d), which requires:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the jurisdiction of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

28 U.S.C. § 2244; *Allen v. Yukins*, 366 F.3d 396, 399 (6th Cir. 2004).

Where, as here, a party files written objections to the report and recommendation issued by the magistrate judge, this Court "shall make" a *de novo* "determination of those portions of the record or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636 (b)(1). Only those portions of a report and recommendation to which the parties have made an objection are subject to review; absent an objection, this Court may adopt the magistrate's report without review. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 145, 106 S.Ct. 466 (1985). With regard to those portions of the Report and Recommendation under review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636 (b)(1).

The Magistrate Judge Act (28 U.S.C. § 636 *et seq.*) "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 907 n. 1 (6th Cir.2000); *see also Clark v. U.S.*, 764 F.3d 653 (6th Cir. 2014) and *Enyart v. Coleman*, 29 F.Supp.3d 1059 (N.D. Ohio 2014), among others. Thus, this Court's review is predicated on a proper objection to the Magistrate's evaluation of the issues presented to the Magistrate. Fed. R. Civ. Pro. 72 (b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.") It is incumbent upon the party seeking relief to file objections "which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections." Fed. R. Civ. Pro. 72 (b)(3). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution or simply summarizes what has been presented before, is not an 'objection' as that term is used in this

5

context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D.Mich. 2004) citing *U.S. v. Walters*, 638 F.2d. 947, 949-50 (6th Cir. 1981).

**III.    LAW AND ANALYSIS**

Petitioner does not address the Magistrate's analysis of the timeliness of his claims or argue for equitable tolling, instead he claims that his resentencing was contrary to Ohio law because the trial court did not making a finding that he had committed the "worst form of the offense." (Objections, Doc. #16, p.2.)   Because Petitioner's contentions concerning his sentencing in no way address the substance of the Magistrate's R & R, this Court finds that Petitioner has failed to make the type of substantive objection that triggers a *de novo* evaluation of the proposed findings and recommendation.  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.* Such "general objections" are a duplication of time and effort and a waste of judicial resources, as they do not serve the purposes of Federal Rule of Civil Procedure 72(b). *Cvijetinovic v. Eberlin*, 617 F.Supp.2d 620, 632 (N.D. Ohio 2008), rev'd on other grounds, 617 F.3d 833 (6th Cir. 2010). The Court is not required to perform a duplicative review of Petitioner's "objections" that fall outside the purpose of Federal Rule of Civil Procedure 72(b).

The R&R properly lays out the law surrounding timeliness, equitable tolling, and the timeline of Petitioner's various challenges to his sentences.  Petitioner has not identified any error in the law relied upon by the R&R. Furthermore, the R&R properly notes that Petitioner's lengthy history of filings in state and federal court have one common theme: from 2008 to the present, they are consistently untimely.  Petitioner's objections are therefore OVERRULED.

The R&R is adopted, and the petition is hereby DENIED AND DISMISSED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. There is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

**IT IS SO ORDERED**.

*/s/ John R. Adams*
**U.S. DISTRICT COURT JUDGE**
**NORTHERN DISTRICT OF OHIO**

Dated: May 16, 2016